**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED



DEC 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEDICATO TREATMENT CENTER, INC., a California corporation,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>INDEPENDENCE BLUE CROSS BLUE SHIELD OF PENNSYLVANIA, INC., DBA Personal Choice, a Pennsylvania Corporation,<br><br>        Defendant-Appellee. | No. 21-55194<br><br>D.C. No. 2:19-cv-03657-SB-SK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Submitted December 9, 2021[**]
Pasadena, California

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  W. FLETCHER and RAWLINSON, Circuit Judges, and LIBURDI,*** District Judge.

Dedicato Treatment Center ("Dedicato") appeals the district court's grant of summary judgment to Independence Blue Cross Blue Shield of Pennsylvania ("Independence") in this action.  Dedicato is a substance abuse treatment center that provided treatment to two patients enrolled in Independence's health insurance plan.  For those patients, Dedicato was an out-of-network provider.  Prior to admitting these two patients for treatment, Dedicato completed a "verification of benefits" ("VOB") procedure with Independence "to verify that the patient[s] [were] in fact covered under a health insurance policy that [would] pay for prospective treatment."  During the process, Dedicato was assured that it would be paid "100% of the allowable rate" for its services.

After providing treatment to both patients, Dedicato billed Independence $108,400 for services provided to one and $243,900 for services provided to the other.  Independence paid Dedicato, respectively, $25,081.50 and $47,551.84 for each patient's treatment.  When Independence refused to pay more, Dedicato filed a complaint against Independence seeking the balance of these payments.  The district court granted Independence's motion for summary judgment, rejecting all

***      The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

2

seven of Dedicato's legal theories for the same overarching reason: Dedicato's claims relied on its unsupported and legally insufficient "assumption" it would be paid billed charges.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo and apply the same standard as the district court did. *See Delta Sav. Bank v. United States*, 265 F.3d 1017, 1021 (9th Cir. 2001). We may affirm the district court's grant of summary judgment on any ground supported by the record. *See Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 973 (9th Cir. 2017). We affirm the district court's grant of summary judgment to Independence on all counts.

We assume, without deciding, that some contractual obligation between Dedicato and Independence existed because Independence was willing to pay Dedicato for services rendered. However, the parties contest the numerical amount owed under this obligation. Both identify "100% of the allowable rate" as the payment amount, but advance three different theories for what this phrase refers to — 100% of the billed rate, 100% of some "reasonable" rate, and 100% of the rates listed in Independence's internal fee schedule for out-of-network providers.

The first interpretation was rejected by the district court, and Dedicato largely abandons this theory on appeal. To the extent Dedicato raises this

3

argument again, we find this interpretation unsupported by the record. Dedicato's own expert witness, Kyle McHenry, agreed that "there's no real industry standard that an insurer is just going to pay whatever a provider charges," and that, when Dedicato charges billed rates, it "do[es]n't really expect to receive that full amount." Without objective support, Dedicato's mere subjective assumption that it would be paid the full billed rates is insufficient to support a contractual obligation to pay those rates. *Titan Grp., Inc. v. Sonoma Valley Cnty. Sanitarian Dist.*, 164 Cal. App. 3d 1122, 1127 (Cal. Ct. App. 1985).

Dedicato has waived the second argument. In this court, "an issue will generally be deemed waived on appeal if the argument was not raised sufficiently for the trial court to rule on it." *Armstrong v. Brown*, 768 F.3d 975, 981 (9th Cir. 2014) (citation omitted). Dedicato did not raise the argument that "allowable rate" refers to some "reasonable" rate sufficiently for the lower court to rule on it. Before the district court, it repeatedly requested its "fully billed charges." Moreover, even if this argument were not waived, it is unsupported by the record.

We hold that the final interpretation — that "100% of the allowable rate" refers to 100% of the rate determined by an internal fee schedule — is correct because it is unambiguously supported by the record. McHenry explicitly testified that the allowable rate is an "internal figure" that insurers derive from a fee

4

schedule.  In the joint memo regarding Independence's motion for summary judgment, Dedicato itself stated that McHenry testified that "100% of the allowable rate" refers to Independence's "own internal 'proprietary' fee schedule," not some other rate.

Applying this interpretation, Dedicato's claims all fail because it is undisputed that Independence paid 100% of the amount listed on its internal fee schedule.  Independence therefore did not breach any contractual obligation, whether explicit or implied, to Dedicato.  It also did not breach a duty of good faith and fair dealing; it fulfilled any promise that Dedicato reasonably relied on; it provided quantum meruit payment for any services Dedicato provided; and it did not engage in unfair competitive practices.

**AFFIRMED.**